**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT LITIGATION | MDL No. ____ |

**PLAINTIFFS A.B., C.D., AND DANA ZETTLEMOYER'S MOTION TO TRANSFER AND CENTRALIZE RELATED ACTIONS FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

Plaintiffs A.B., C.D., and Dana Zettlemoyer ("Movants") respectfully move, pursuant to 28 U.S.C. § 1407, for an order transferring and centralizing all currently filed related actions concerning Allergan's BIOCELL breast implants and tissue expanders to the Middle District of Tennessee, or any other district the Panel may deem suitable, for consolidated or coordinated pretrial proceedings.  In support of their motion, Movants state:

1.      To date, five class actions have been brought on behalf of persons who have been implanted with recalled Allergan BIOCELL products against Allergan plc, Allergan Inc., and Allergan, USA Inc.  As set forth in the accompanying Schedule of Related Actions, one action is pending in the Middle District of Tennessee, one in the Central District of California, one in the Southern District of New York, one in the Central District of Illinois, and one in the District of New Jersey ("Related Actions").

2.      Transfer and centralization of the Related Actions will further the goals of 28 U.S.C. § 1407 by conserving judicial and party resources, reducing costs, and preventing inconsistent pretrial rulings.  In addition, centralization will further the goal of ensuring the just and efficient conduct of these actions, an exigent consideration given that hundreds of women

(including several Movants) have already exhibited symptoms of breast implant-associated anaplastic large cell lymphoma.

3.      The Related Actions are all in a similar procedural posture.  No responsive pleadings or dispositive motions have been filed and no discovery has been conducted. Centralization will therefore allow a single judge to efficiently resolve common legal and factual issues and streamline discovery.

4.      Given the nationwide scope of the Related Actions and that there are tens of thousands of affected women across the country, as well as the reality that electronic discovery is equally accessible regardless of forum, each of the districts in which actions are pending (and possibly others) are suitable transferee districts.  Transfer to the Middle District of Tennessee, however, would allow the Panel to transfer the actions to a district without any pending MDLs and favorable docket conditions.  Alternatively, the Central District of California is also an appropriate transferee district, as would be any other district that is positioned to ensure the prompt and efficient resolution of this important women's health matter.

5.      This Motion is based on the accompanying Memorandum of Law and Schedule of Actions that have been filed concurrently with this motion.

WHEREFORE, Movants respectfully request that the Panel order that the Related Actions, as well as any case that may be subsequently filed asserting related or similar claims, be transferred to the Middle District of Tennessee, or any other district the Panel may deem best equipped to preside over this urgent women's health matter, for consolidated or coordinated pretrial proceedings.

Dated: October 3, 2019                          Respectfully submitted,

By:  /s/  *Christina C. Sharp*

Christina C. Sharp
Adam E. Polk
Trevor T. Tan
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel:  415-981-4800
Fax: 415-981-4846
*dsharp@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

*Counsel for Plaintiffs A.B., C.D., and Dana Zettlemoyer.*