UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2921


**TRANSFER ORDER**


**Before the Panel**: Plaintiffs in two actions move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California or, alternatively, the Middle District of Tennessee. This litigation currently consists of four actions pending in four districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of 25 related federal actions.[2]

All responding parties support or do not oppose centralization, but disagree on the transferee district. The Allergan defendants[3] request centralization in the District of New Jersey. Responding plaintiffs variously propose the Central District of California, the Southern District of New York, the Southern District of Florida, and the District of Kansas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise out of Allergan's announcement on July 24, 2019, of a voluntary worldwide recall of its BIOCELL textured breast implants and tissue expanders. The announcement followed the U.S. Food and Drug Administration's request to initiate the recall based on the risk of breast-implant associated anaplastic large cell lymphoma (BIA-ALCL) associated with the products.[4] All actions share complex factual questions arising from the allegation that Allergan's BIOCELL textured breast implants and tissue expanders significantly increase the risk of developing BIA-ALCL, and that Allergan failed to warn the FDA, patients, and healthcare providers of this risk. The common factual questions include: (1) whether BIOCELL textured breast implants and tissue expanders can cause BIA-ALCL; (2) whether defendants knew or should have known of the risk of BIA-ALCL; (3) whether they provided adequate warnings as to the risk; and (4) the adequacy of defendants' product

---

[1]   A fifth action on the motion for centralization was voluntarily dismissed during the pendency of the motion.

[2]   The related actions are pending in fourteen additional districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3]   Allergan, Inc., Allergan USA, Inc., and Allergan plc.

[4]   According to the FDA, BIA-ALCL is a type of non-Hodgkin's lymphoma, a cancer of the immune system.

-2-

design, testing, and manufacturing.[5] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of New Jersey is an appropriate transferee forum. Allergan USA, Inc., has its headquarters and principal place of business in this district, and represented at oral argument that significant common evidence, including witnesses, will be located there. Further, centralization in the District of New Jersey enables us to assign this litigation to Judge Brian R. Martinotti, an experienced transferee judge with the ability and willingness to manage this litigation. We are confident he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle R. David Proctor
Catherine D. Perry Nathaniel M. Gorton
Matthew F. Kennelly David C. Norton

---

[5] We find it unnecessary to include "Anaplastic Large Cell Lymphoma" in the MDL caption, as defendants request. It is clear from the face of this order that the common factual issues in this MDL concern the alleged risk of ALCL – and specifically, BIA-ALCL – associated with the recalled products.

IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2921

## SCHEDULE A

<u>Central District of California</u>

A.B., ET AL. v. ALLERGAN, INC., ET AL., C.A. No. 8:19-01651

<u>Central District of Illinois</u>

TAUBEN v. ALLERGAN, INC., ET AL., C.A. No. 2:19-02257

<u>Southern District of New York</u>

DOE 1, ET AL. v. ALLERGAN, INC., ET AL., C.A. No. 7:19-09151

<u>Middle District of Tennessee</u>

ZETTLEMOYER v. ALLERGAN, INC., ET AL., C.A. No. 3:19-00866